JS-6  O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-5341 AHM (PJWx) | Date | April 30, 2009 |
|---|---|---|---|
| Title | JOSE L. PINEDA  v. GMAC MORTGAGE, LLC, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**       IN CHAMBERS (No Proceedings Held)

## I.      INTRODUCTION

On August 14, 2008, Plaintiff Jose L. Pineda, appearing *pro se*, filed suit against Defendants GMAC Mortgage, LLC ("GMAC"), and other defendants.  On December 29, 2008, the Court granted in part and denied in part the motion to dismiss brought by Defendants GMAC and ETS.  On January 12, 2009, Plaintiff filed a Verified First Amended Complaint ("FAC").[1]  On January 30, 2009, Defendants GMAC and ETS filed a motion to dismiss the FAC, and on February 27, 2009 the Court took the motion under submission.  On April 22, 2009, the Court set a hearing date and issued a tentative order granting the motion.  On April 27, 2009, the Court held a hearing on the motion and conditioned the filing of its tentative order on Defendants' production of the entire loan file to Plaintiff.   For the reasons stated below, the Court GRANTS the motion, but has modified the findings in its tentative order in light of a declaration by an employee of ETS filed on April 29, 2009, which disclosed that ETS rescinded the Notice of Default on

_____

[1] Plaintiff failed to specify the defendants in this FAC.  The caption on the FAC names "GMAC Mortgage, LLC et al."  The first line of the FAC states "Plaintiff Jose L. Pineda, complaining against GMAC Mortgage, LLC, and all of the other Defendants . . . as well as against Does 1-50, hereby alleges as follows . . ."  The body of the FAC brings claims "Against All Defendants," and sometimes names GMAC and ETS specifically.  It does not name U.S. Bank National Association or Fidelity National Default Solutions as a defendant to any claim.  The only proof of service on record is a "Certificate of Service by Mail" to the counsel for GMAC and ETS.  The Court ORDERS the Clerk to modify the docket accordingly, including the list of parties and the summary of docket no. 49.

JS-6   O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5341 AHM (PJWx) | Date | April 30, 2009 |
|---|---|---|---|
| Title | JOSE L. PINEDA  v. GMAC MORTGAGE, LLC, *et al.* | | |

Plaintiff's home and has closed its file on Pineda's loan.

## II.     STANDARDS GOVERNING RULE 12(b)(6) MOTIONS

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, the allegations of the complaint must be accepted as true and are to be construed in the light most favorable to the nonmoving party. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Thus, if the complaint states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory, the complaint should not be dismissed. *Haddock v. Bd. of Dental Examiners*, 777 F.2d 462, 464 (9th Cir. 1985).

Federal Rule of Civil Procedure 8(a)(2) requires

> only "a short and plain statement of the claim showing that the
> pleader is entitled to relief," in order to "give the defendant fair
> notice of what the . . . claim is and the grounds upon which it
> rests[.]" . . .  While a complaint attacked by a Rule 12(b)(6)
> motion to dismiss does not need detailed factual allegations . . .,
> a plaintiff's obligation to provide the "grounds" of his
> "entitle[ment] to relief" requires more than labels and
> conclusions, and a formulaic recitation of the elements of a
> cause of action will not do . . . .  Factual allegations must be
> enough to raise a right to relief above the speculative level . . . .

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. . . .  However, material which is properly submitted as part of the complaint may be considered" on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5341 AHM (PJWx) | Date | April 30, 2009 |
|---|---|---|---|
| Title | JOSE L. PINEDA  v. GMAC MORTGAGE, LLC, *et al.* | | |

considered in ruling on a Rule 12(b)(6) motion to dismiss without converting the motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). If the documents are not physically attached to the complaint, they may be considered if their "authenticity . . . is not contested" and "the plaintiff's complaint necessarily relies" on them. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998). Furthermore, under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). "The district court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading." 5C Wright & Miller, *Fed. Prac. & Pro.* § 1363 (3d ed. 2004).

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

## III.   DISCUSSION

### A.   Declaratory and Injunctive Relief

In Plaintiff's original Complaint, he sought a declaration that "Defendants are estopped with prejudice from demanding performance for want of standing to enforce," and "a preliminary and permanent injunction against defendants stopping them from foreclosing on Plaintiff's property . . . ." The Court found that judicially noticed documents "establish that Plaintiff's loan is now being serviced by GMAC. To the extent that Plaintiff has any outstanding loan obligations, GMAC is authorized to service the loan. The Court thus "dismisse[d] with prejudice Plaintiff's claim for declaratory relief insofar as it seeks to stop GMAC from enforcing the terms of the loan."

Plaintiff's FAC asserts very similar requests for declaratory and injunctive relief. These requests are styled in the FAC as a "First Cause of Action" for declaratory relief and a "Second Claim for Relief" for an injunction. For the sake of simplicity the Court will refer to them as "requests." Plaintiff's request for declaratory relief seeks a

**JS-6**  O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-5341 AHM (PJWx) | Date | April 30, 2009 |
|---|---|---|---|
| Title | JOSE L. PINEDA  v. GMAC MORTGAGE, LLC, *et al.* | | |

declaration "that Defendants, assigns, successors, affiliates have no standing to demand and receive payments from Plaintiff or foreclose on his property; or in the alternative that defendants have to produce the original promissory note that defendants believe Plaintiff is liable on."  FAC 9:18-22.  Plaintiff also seeks a permanent injunction prohibiting Defendants "from selling, attempting to sell, or causing to be sold the subject property either under the power of sale in the deed of trust or by foreclosure action."  FAC 10:7-11.

In light of this Court's prior order and for the reasons discussed below, at the hearing the Court was prepared to dismiss with prejudice the cause of action for an injunction against foreclosure, because it depends on the already-rejected contention that GMAC and ETS do not have the right to administer the loan and collect payments.  Now, however, the Court modifies its ruling in light of the declaration filed on April 29, 2009 by Myron Ravelo, who is employed as a "Default Team Lead" for ETS.  Ravelo's declaration renders moot the claims for an injunction and declaration against foreclosure by ETS.  The basis for finding that GMAC has the right to administer and collect payments, as well as foreclose on the home if payments are due and all other prerequisites to foreclosure have been satisfied, remains the same.  The Court's findings in support of its conclusions are as follows:

1.      In its order on the first motion to dismiss, the Court took judicial notice of an August 1, 2005 Deed of Trust between Plaintiff and American Home Mortgage Acceptance, Inc. ("American Home"), securing a loan with an encumbrance on the property at issue.  Request for Judicial Notice, Exh. I.  The Court also took judicial notice of a January 8, 2008 notice from the U.S. Bankruptcy Court for the District of Delaware expressly providing authority for GMAC to service home equity line of credit mortgage loans with American Home.  Request for Judicial Notice, Exh. K.  Together these documents establish that to the extent Plaintiff has obligations on an American Home loan, he now has those obligations to GMAC.

2.      As to the claim against ETS, Defendants requested that the Court take judicial notice of a Notice of Default and Election to Sell Under Deed of Trust, dated July 17, 2008, and recorded with the Los Angeles County Recorders Office on July 21, 2008 as instrument number 20081294696.  Request for Judicial Notice, Exh. J.  The Notice states that "Executive Trustee Services, LLC dba ETS Services, LLC is either the original

JS-6  O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5341 AHM (PJWx) | | Date | April 30, 2009 |
|---|---|---|---|---|
| Title | JOSE L. PINEDA  v. GMAC MORTGAGE, LLC, *et al.* | | | |

trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated 8/1/2005, executed by JOSE L. PINEDA, A SINGLE MAN, as Trustor, to secure certain obligations in favor of AMERICAN HOME MORTGAGE ACCEPTANCE, INC., as beneficiary, recorded 8/10/2005 . . . in the Office of the Recorder of Los Angeles County . . . ." "ETS Services, LLC, as agent for beneficiary" is written above the signature line for one Irma Erickson, "Trustee Sale Officer."

At the hearing, the Court was prepared to take judicial notice of this Notice of Default and find that it establishes that ETS is acting as trustee.  The Court conditioned its oral ruling on Defendants filing and serving on Plaintiff the complete loan file.  The Defendants filed and served the loan file on April 29, 2009, along with a declaration from ETS employee Myron Ravelo.  Upon reviewing Ravelo's declaration, the Court has now discovered that "On or about July 21, 2008 ETS determined that a Substitution of Trustee Needed to be executed and recorded before a Notice of Trustee's Sale could be recorded," and that no such substitution was ever executed.  Moreover, in late August, 2008, GMAC "instructed ETS to hold all foreclosure activity.  On or about September 16, 2008, [GMAC] instructed ETS to cancel the foreclosure proceedings for the Pineda Loan. . . .  A Notice of Rescission of Notice of Default was recorded on September 24, 2008 with the Los Angeles County Recorder's Office . . . .  ETS' file on the Pineda Loan foreclosure is now closed."  Ravelo Decl. ¶¶ 5-9.

The Court is amazed and chagrined that it had to devote time and effort to assessing whether to prohibit ETS from taking steps to foreclose when it appears that ETS, the party understood to be the trustee, was instructed by GMAC to cancel the foreclosure proceeding.

In light of Ravelo's declaration, the Court dismisses on grounds of mootness the claims against ETS for an injunction and declaratory relief against foreclosure.  As to the claims against GMAC, the Court's basis for finding that Plaintiff owes loan obligations to GMAC still stands, and thus the Court dismisses with prejudice the First Cause of Action and the Second Claim for Relief against GMAC.[2]

---

[2] Plaintiff has also alleged in the FAC new allegations related to prospectuses filed with the U.S. Securities and Exchange Commission by American Home Mortgage Trust

JS-6   O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5341 AHM (PJWx) | Date | April 30, 2009 |
|---|---|---|---|
| Title | JOSE L. PINEDA  v. GMAC MORTGAGE, LLC, *et al.* | | |

     3.     As to the request that the Court declare that Defendants must produce an original promissory note to show that Plaintiff has a debt obligation to GMAC, the documents the Court has taken judicial notice of above — including the deed of trust and the notice from the Bankruptcy Court — are sufficient to preclude Plaintiff from showing that he has no obligation to GMAC.

     In light of the above findings, the Court dismisses all of the requests for relief sought under the headings "First Cause of Action" and "Second Claim of Relief."  These include the requests for the Court to declare that Defendants may not demand and receive payments from Plaintiff that are actually due on the loan that GMAC is servicing and that Defendants must produce the original promissory note, as well as the request that the Court permanently enjoin foreclosure.[3]

### B.  Fair Debt Collections Practices Act

     Plaintiff has restated his claim under the Fair Debt Collection Practices Act ("FDCPA"), so that it now alleges violations of specific statutory provisions and is specifically directed at GMAC.  Specifically, Plaintiff alleges that GMAC violated

---

and Bear Stearns Asset Backed Securities LLC.  Plaintiff believes these filings to "be evidence of possible indispensable parties, as well as call into question claims of defendants GMAC Mortgage, LLC, and ETS Services, LLC.  It may also be relevant to a possible cause of action for fraudulent misrepresentation, fraud in the factum and fraudulent concealment to be amended to this complaint."  FAC ¶ 6; *see also* FAC ¶¶ 18.4, 25-27.  These vague allegations do not state a claim against those parties and do not cure the above defects.

    [3] Plaintiff alleges that "Plaintiff believes that documents defendants claim creates an obligation against him are counterfeit and/or forgeries, and do not possess Plaintiff's bona fide signatures.  Plaintiff disputes them in their entirety, including alleged signatures."  These allegations do not specify which documents are purportedly counterfeits, and thus fail to raise the claim above a speculative level.  *See Twombly, supra*.  The Court also overrules Plaintiff's evidentiary objections, as they lack merit. The Court also notes that as of at least October 1, 2008 it has not owned stock in General Motors Corporation.

JS-6   O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5341 AHM (PJWx) | Date | April 30, 2009 |
|---|---|---|---|
| Title | JOSE L. PINEDA  v. GMAC MORTGAGE, LLC, *et al.* | | |

various provisions of 15 U.S.C. § 1692e, which states that "A *debt collector* may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section . . . ." (emphasis added).  The statute then goes on to list violations, some of which are alleged in the FAC.  Plaintiff also alleges a violation of 15 U.S.C. § 1692f, which provides that "A *debt collector* may not use unfair or unconscionable means to collect or attempt to collect any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section . . . ." (emphasis added).

Defendant asserts that this claim should be dismissed because GMAC is not a "debt collector" because mortgage servicing companies are not encompassed by that term, and because the claim lacks sufficient factual allegations.  *See* 17 Am. Jur. 2d Consumer Protection § 194 (2008) ("A mortgage company is not a 'debt collector' within the meaning of the FDCPA where the company's principal business purpose is to make and service consumer loans and the company does not collect any debts owed to any entity other than itself." (citation omitted)).  Plaintiff does not disagree that GMAC is not a "debt collector."  Instead, Plaintiff re-asserts his allegation that he has no obligation to GMAC, and argues that GMAC has violated the FDCPA on this basis alone.  This argument is unavailing, and the Court therefore dismisses the FDCPA claim with prejudice.

///
///
///
///
///
///
///
///
///
///
///

JS-6   O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5341 AHM (PJWx) | Date | April 30, 2009 |
|---|---|---|---|
| Title | JOSE L. PINEDA  v. GMAC MORTGAGE, LLC, *et al.* | | |

### C.    Fair Credit Reporting Act

The FAC alleges that Defendant GMAC violated 15 U.S.C. §§ 1681s-2(a)(1)(A) and 1681s-2(a)(3) by reporting information to consumer reporting agencies that it knew was disputed and incorrect.  GMAC argues that this claim should be dismissed because there is no private right of action to enforce 15 U.S.C. § 1681s-2(a).  There is only a private right of action to enforce 15 U.S.C. § 1681s-2(b), and that right is triggered only when a furnisher of information receives notice of a dispute from a credit reporting agency that has itself received notice of a dispute from a consumer.  *See Gorman v. Wolpoff & Abramson, LLP*, 552 F.3d 1008, 1014 (9th Cir. 2009).  Plaintiff does not quarrel with this analysis, and again bases his opposition solely on the allegation that he had no agreement or obligation to GMAC.  This argument lacks merit, and the Court thus dismisses the FCRA claims with prejudice.

## V.    CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss[4] is GRANTED.

|  |  : |
|---|---|
| Initials of Preparer | SMO |

JS - 6

---

[4] Docket No. 53.