O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5341 AHM (PJWx) | | Date | September 3, 2009 |
|---|---|---|---|---|
| Title | JOSE L. PINEDA  v. GMAC MORTGAGE, LLC, *et al.* | | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| S. Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

Plaintiff Jose L. Pineda seeks to enjoin defendants from collecting payments on a home loan, and from foreclosing on his home.  On May 14, 2009, this Court entered judgment for Defendants GMAC Mortgage ("GMAC"), LLC and ETS Services, LLC ("ETS").  Before entering the order upon which the judgment is based, the Court ordered Defendants to produce the full loan file to Plaintiff.  A surprising declaration filed by ETS with that file made clear that ETS had in fact cancelled foreclosure proceedings, and suggested that ETS was not even acting as trustee for the loan.  April 30, 2009 Order at 5. The Court was "amazed and chagrined" that defendants did not produce this information earlier, and dismissed the claims against ETS as moot.

On June 26, 2009, Plaintiff filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60, which the Court took under submission on July 23, 2009.  Plaintiff asserts that (1) documents in the full loan file reveal that GMAC was never assigned the loan; and (2) information obtained from American Home Mortgage Holdings, Inc., the lender, shows that as of April 15, 2009, the loan was sold to another entity.  Plaintiff asks this Court to reopen the case because Defendants intentionally obscured these facts, which allegedly demonstrate that GMAC has no authority to enforce the loan because it has not shown that (a) it holds the note, or (b) it is an agent of the note holder, and the purported note holder (American Home) remains the note holder.

The parties' briefing on this motion leaves unanswered a number of key questions that the Court must consider.  The Court thus ORDERS the parties to file separate but simultaneous written responses to the following questions by noon on **September 14, 2009**:

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5341 AHM (PJWx) | Date | September 3, 2009 |
|---|---|---|---|
| Title | JOSE L. PINEDA v. GMAC MORTGAGE, LLC, *et al.* | | |

(1)  To be answered by GMAC and ETS: The Opposition brief does not deny that Defendants were not assigned the loan at the time this Court entered judgment. Nor does the Opposition brief deny (or even address) American Home's apparent admission that it sold the loan to another investor. *See* Plaintiffs' RJN, Ex. 7. What is the current status of the loan? Specifically:

   (a) Who is the current holder of the note?

   (b) Who is the current owner of the loan?

   (c) Have Defendants been assigned the loan?

   (d) Are there currently outstanding payments on the loan?

   (e) What is the status of foreclosure proceedings?

The answers to these questions must be supported by, and accompanied by, those documents establishing these facts.

(2)  To be answered by GMAC and ETS: It appears from the loan file documents produced by Defendants and relied upon by Plaintiff, that one or both of the defendants (it is not clear from the documents) were seeking an assignment of the loan. *See* Plaintiff's RJN, Exs. 1 at 005; 2; 3. Why was an assignment sought?

(3)  To be answered by all parties: Assume that neither GMAC nor ETS had been assigned Plaintiff's loan at the time the Court entered judgment. What is the legal significance of that assumption? Specifically, how should that assumption affect the Court's conclusion that GMAC is the servicer of Plaintiff's loan (based on the January 8, 2008 notice from the Delaware Bankruptcy Court, Defendants' Ex. K), is acting as agent for the lender, and has the right to collect payments on the loan? If GMAC had been assigned the loan would that affect the analysis?

(4)  To be answered by all parties: Assume that American Home did sell the loan to

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5341 AHM (PJWx) | Date | September 3, 2009 |
|---|---|---|---|
| Title | JOSE L. PINEDA  v. GMAC MORTGAGE, LLC, *et al.* | | |

another entity.  What is the legal significance of that assumption?  Specifically, how should that assumption affect the Court's conclusion that GMAC is the servicer of Plaintiff's loan, is acting as agent for the lender, and has the right to collect payments on Plaintiff's loan?  Does the analysis depend on whether American Home is the "holder" of the note, even if it is no longer the owner of the loan?  *See In re Hwang*, 396 B.R. 757, 760, 764-66 (Bankr. C.D. Cal. 2008) (holder of note entitled to enforce it even though it sold the note to unknown third parties).

(5)   To be answered by all parties: The January 8, 2008 notice from the Bankruptcy Court in Delaware states that GMAC "will become the servicer of" home equity line of credit mortgage loans given by American Home.  *See* Defendants' Ex. K.  Does this notice establish that GMAC is acting as an "agent" of American?  *See* Plaintiff's Ex. 8, at 4 ("The servicing agent may have standing if acting as an agent for the holder, assuming that the agent can both show agency status and that the principle is the holder.").

The Court will hold a hearing on these issues on **September 18, 2009** at 10:00 a.m.  Defendants' lawyer must be fully informed about the facts and law governing this matter, and will be deemed to have the authority to bind his/her client[s].

:

Initials of Preparer    se